UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUAN JOVE-REYES,

        Plaintiff,

v.                              Case No. 5:22-cv-641-BJD-PRL

FNU GUNTHER et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Juan Jove-Reyes, a federal inmate, initiated this case pro se by filing a civil rights complaint under *Bivens* (Doc. 1; Compl.)[1] and a motion to proceed as a pauper (Doc. 2). Plaintiff names five federal officials as Defendants, alleging they have violated his rights under the First, Sixth, Eleventh, and Fourteenth Amendments by depriving him of due process and "safe, clean[,] and healthy living conditions." Compl. at 3. In apparent explanation, he says his counselor is not helping him the way he is supposed to, Defendant Brazill held on to his paperwork for two months, unidentified

---

[1] In *Bivens*, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389, 397 (1971).

prison officials issued him "shots" (disciplinary charges) for violating prison rules, Defendant Spearly gave his property to other inmates, Defendant (Warden) Gunther fails to "properly supervise his staff," Defendant Brazill interfered with his access to the prison grievance system, and Defendant Martinez falsely accused him of something. *Id.* at 4. He claims no injuries. *Id.* at 5. As relief, he seeks only to be transferred to a different correctional institution. *Id.*

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation

marks omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678. When a plaintiff seeks to pursue multiple claims against different prison officials, he may do so in one civil rights complaint only if the claims are related. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

A *Bivens* claim is an implied right of action for damages under the Constitution itself against a federal official who violates an individual's constitutional rights. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Suits brought under *Bivens* are similar to those brought against state officials under § 1983; thus, courts often apply § 1983 law to *Bivens* cases. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). But claims arising under *Bivens*

are not coextensive with those arising under § 1983. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). Indeed, in recent years, the Supreme Court has emphasized that "expanding the *Bivens* remedy is . . . a 'disfavored' judicial activity," *id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675), which should be done only in the "most unusual circumstances," *Egbert v. Boule*, 142 S. Ct. 1793, 1800 (2022). Additionally, because a *Bivens* action is meant to have a deterrent effect on federal actors who violate an individual's constitutional rights, the appropriate remedy is damages, not injunctive relief. *See Carlson v. Green*, 446 U.S. 14, 21 (1980) (recognizing *Bivens* extends damages remedies against individuals).

Plaintiff does not allege the violation of a constitutional right. Rather, he complains that prison officials are not doing their jobs to his satisfaction, took his property, brought disciplinary charges against him, or interfered with his access to the grievance system. His purported claims do not satisfy the minimal federal pleading standards because his naked assertions are devoid of factual enhancement. *See Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (explaining that a complaint must give the defendants "adequate notice of the claims against them and the grounds upon which each claim rests"). He also appears to be joining multiple, unrelated claims in contravention of Rule 20. *See* Fed. R. Civ. P. 20(a)(2).

Additionally, the only alleged "harms" Plaintiff implies having suffered are a deprivation of personal property, interference with the prison grievance system, and placement in disciplinary confinement (maybe on allegedly fabricated disciplinary charges). *See Compl.* at 4. Even under § 1983, these harms, standing alone, would not give rise to a constitutional claim. First, a negligent or intentional deprivation of personal property is not a due process violation "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In Florida, a person deprived of his personal property may pursue a claim for conversion. *See* Fla. Stat. § 772.11(1). *See also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

Second, an inmate has no constitutionally protected interest in a prison grievance procedure. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011). Finally, the imposition of disciplinary confinement itself does not trigger due process protections. *Sandin v. Conner*, 515 U.S. 472, 486 (1995) ("[D]iscipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."). Even if the charges against him were fabricated, Plaintiff would not

necessarily have a plausible claim. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[A] claim . . . based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed[] is not cognizable under § 1983."). *See also Wagner v. Smith*, No. 5:06-cv-11-MCR-EMT, 2006 WL 2482782, at *3 (N.D. Fla. Aug. 25, 2006) ("[T]he filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation."). Plaintiff asserts no facts that would permit the reasonable inference he was denied due process in connection with the disciplinary charges brought against him, nor does he say he was subject to restraint that "impose[d] atypical and significant hardship on [him]." *See Sandin*, 515 U.S. at 486.[2]

For the foregoing reasons, Plaintiff's complaint is due to be dismissed under the PLRA.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

---

[2] Aside from the substantive deficiencies of his complaint, Plaintiff's claim or claims would not be viable under *Bivens* because he seeks solely injunctive relief—transfer to another prison—not damages. *See Carlson*, 446 U.S. at 21.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of December 2022.

                                                BRIAN J. DAVIS
                                      United States District Judge

Jax-6
c:
Juan Jove-Reyes